J-S61016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DORIAN LAMORE | |
| Appellant | No. 124 WDA 2014 |

Appeal from the Order Entered on December 9, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0011572-1993

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                     **FILED OCTOBER 27, 2014**

Dorian Lamore ("Lamore") appeals, *pro se*, from the December 9, 2013 order dismissing his fifth petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Lamore's PCRA petition is untimely and he has failed to satisfy any of the exceptions to the timeliness requirements of the PCRA.  Therefore, the PCRA court lacked jurisdiction over this petition, and we affirm the PCRA court's order dismissing Lamore's PCRA petition.

A previous panel of this Court summarized the factual history of this case on direct appeal as follows:

> On September 9, 1993, the victims, Mr. Puhac ["Puhac"] and Mr. Weiss ["Weiss"] attempted to deliver a pizza to 1016 Lamont

_____

[*]     Retired Senior Judge assigned to the Superior Court.

Street. Puhac was driving the car, and Weiss was in the passenger seat. As Puhac drove down Lamont Street, he noticed a small group of people sitting on the front steps of a house. He asked them if they had ordered a pizza. They replied that they had not, but pointed to a house behind them. Puhac then began to back up. As he did so, [Lamore and Phillip Foxx ("Foxx"), a co-defendant] approached the car. Lamore went to the passenger side of the car, and Foxx went to the driver's side. After demanding money and the pizza, Lamore shot Weiss in the head. Foxx then forced Puhac out of the car and again demanded his money. Puhac instructed Foxx that it was in his pocket, and that he could have it. Foxx took the money and began to walk away. He subsequently turned around and shot Puhac in the arm stating, "Here this is for you. Take this." Puhac ran to a nearby post office and telephoned for help. He was then taken to the hospital.

While at the hospital, Puhac gave police detailed descriptions of both of the attackers. The police found Foxx in an abandoned house, along with a pizza box and a loaded semi-automatic pistol. Lamore was at the home of his mother, and he and his mother agreed to go to police headquarters and answer questions about the evening's events. Both [Lamore and Foxx] gave the police statements.

*Commonwealth v. Lamore*, 60 Pitts. 1995, slip op. at 2-3 (Pa. Super. April 24, 1996). A previous panel of this Court summarized the procedural history of this case as follows:

On June 28, 1994, a jury returned a verdict finding [Lamore] guilty of first-degree murder and two counts of robbery, aggravated assault, violation of the Uniform Firearms Act, firearms not to be carried without a license, criminal conspiracy, and recklessly endangering another person.[1] Sentencing was deferred to allow for a presentence investigation. On July 25, 1994, [Lamore] was sentenced to life imprisonment [without the possibility of parole for first-degree murder and] he was sentenced at robbery, to a term of imprisonment of ten to

---

1    18 Pa.C.S. §§ 2501, 3701, 2072(a)(1), 6106, 903, 2705 respectively.

twenty years, consecutive to the sentence at [first-degree murder]; at aggravated assault, to [a] consecutive term of imprisonment of ten to twenty years, and at criminal conspiracy, to a consecutive term of imprisonment of five to ten years. [Lamore] was not sentenced on the violation of Uniform Firearms Act and the recklessly endangering another person convictions.

On July 29, 1994, [Lamore] filed a motion for a new trial and to modify sentence. This motion was denied by operation of law on November 26, 1994. On December 6, 1994, [Lamore's] attorney was permitted to withdraw, and the Office of the Public Defender was appointed to represent [Lamore] on appeal. [The Public Defender] filed a notice of appeal on December 23, 1994. This Court affirmed the judgment of sentence by Order and Memorandum Opinion. On November 15, 1996, the Pennsylvania Supreme Court denied [Lamore's] petition for *allocatur*.

[Lamore] filed a *pro se* PCRA petition on September 25, 1997. On August 17, 1998, [PCRA counsel] filed an amended PCRA petition on behalf of [Lamore]. [The Honorable Robert E.] Dauer sent a notice of intention to dismiss on July 21, 1999, and [PCRA counsel] filed her response on August 17, 1999. The petition was dismissed without a hearing on September 16, 1999.

[PCRA] counsel filed a notice of appeal on September 24, 1999, and this Court affirmed the order. A petition for allowance of appeal was filed on July 28, 2000 at 454 WAL 2000 and was denied on November 9, 2000.

On January 18, 2001, [Lamore] filed a second *pro se* PCRA petition. Judge Dauer sent a notice of intention to dismiss the petition on March 22, 2001, and Judge Dauer dismissed the petition without a hearing on July 30, 2001. Thereafter, [Lamore] filed a *pro se* notice of appeal on August 16, 2001, and this Court affirmed.

[O]n May 3, 2005, [Lamore] filed another collateral petition, and the Honorable Jeffrey A. Manning filed a notice of intent to dismiss PCRA on October 4, 2005. On March 2, 2006, the lower court denied [Lamore's] PCRA petition.

On October 23, 2006, [Lamore] filed a petition for writ of *habeas corpus* and memorandum of law. By order dated December 28, 2006, the lower court denied the petition. [Lamore], *pro se*, filed a notice of appeal on January 11, 2007. On February 2,

2007, Judge Manning filed a second order denying the petition for writ of *habeas corpus* relief and subsequently another notice of appeal was filed on February 10, 2007 challenging the denial of the petition for writ of *habeas corpus*. Judge Manning filed statements pursuant to Pa.R.A.P. 1925(a) on March 28, 2007, May 1, 2007, and July 31, 2007.

***Commonwealth v. Lamore***, 373 WDA 2007, slip op. at 1-4 (Pa. Super. Jan. 23, 2008) (footnotes omitted; minor modifications to capitalization and grammar). On January 23, 2008, this Court affirmed the denial of the writ of *habeas corpus*.

On July 31, 2012, Lamore filed the instant PCRA petition. On November 18, 2013, the PCRA court issued a notice of its intent to dismiss Lamore's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 and dismissed the petition on December 9, 2013. On January 8, 2014, Lamore filed a notice of appeal. Lamore filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on February 13, 2014. On May 16, 2014, the PCRA court issued a memorandum opinion pursuant to Pa.R.A.P. 1925(a).

Lamore raises the following issues on appeal:

1. Did the PCRA court commit an error of law by fail[ing] to grant new proceedings that would determine a legal sentence for Petitioner in accordance with retroactive principles of the decision in ***Miller v. Alabama***, [132 S. Ct. 2455 (2012)] that held a state's statute which imposed a mandatory life sentence penalty without the option considered for parole eligibility upon a juvenile offender violates the United States Constitution's Eighth and Fourteenth Amendments?

2. Has the PCRA court committed an error of law that denied due process of equal protection under the law for the Petitioner to seek redress from discriminated exercise under

the United States Constitution's Eighth and Fourteenth Amendments, as well as his rights guaranteed under the Pennsylvania Constitution, Article I, Sections 1, 9, 13, 14, and 26?

Lamore's Brief at vi.

Our standard of review for PCRA claims is well settled:

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error.  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.  Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citations omitted).

Under the PCRA, a claim must be filed within one year after the petitioner's judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  Lamore's judgment of sentence became final on or about February 15, 1998. Therefore his PCRA petition is facially untimely.

However, there are exceptions to the time bar:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 5 -

(ii)     The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(i-iii).  A petitioner has sixty days from the date that the claim could have been presented to file a PCRA petition.  42 Pa.C.S. § 9545(b)(2).  In order to invoke an exception to the timeliness requirements of the PCRA, a petitioner has the burden of proof to demonstrate that an exception applies.  42 Pa.C.S. § 9545(b)(i).  The timeliness of a PCRA petition is jurisdictional, and courts are prohibited from considering the merits of untimely PCRA petitions.  *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000), *abrogated on other grounds*, *Commonwealth v. Brown*, 943 A.2d 264 (Pa. 2008).

Lamore argues in his petition that the new constitutional right exception to the time bar applies.  Lamore's Brief at 2-3.  Specifically, Lamore alleges that his sentence is in violation of the United States Supreme Court's decision in *Miller v. Alabama*, and that his petition is timely based upon *Miller*, itself.  Our Supreme Court has stated that there are two requirements that must be met in order for a petition to fall under this time bar exception.

First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the [Supreme Court of Pennsylvania] after the time provided

- 6 -

in [the PCRA]. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.* "that court" has already held the new constitutional right to be retroactive in cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-50 (Pa. 2007).

In the present case, Lamore has failed to present a timely PCRA petition based upon a constitutional right newly recognized either by the Supreme Court of the United States or the Supreme Court of Pennsylvania. Lamore bases the timeliness argument of his petition upon the United States Supreme Court's decision in *Miller v. Alabama*. In *Miller*, the Supreme Court held that mandatory life sentences without the possibility of parole for juvenile offenders are in violation of the Eighth Amendment prohibition against cruel and unusual or excessive punishment. *Miller*, 132 S. Ct. at 2469. The Court declined to address whether its holding applied retroactively to sentences administered prior to the Court's ruling.

Nonetheless, our Supreme Court has held that *Miller*'s mandate does not apply retroactively. *Commonwealth v. Cunningham*, 81 A.3d 1, 10-11 (Pa. 2013). Indeed, as we explained in *Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014):

Recently, in *Cunningham*, our Supreme Court held that the constitutional right announced by the United States Supreme Court in *Miller* does not apply retroactively. 81 A.3d at 10. Consequently, [a]ppellant cannot rely upon *Miller* or subsection

9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court. Hence, we lack the jurisdiction to review the merits of [a]ppellant's issues . . . .

*Id.* at 243.

The same principle that applied to Seskey applies to Lamore. Because *Miller* was decided long after Lamore's judgment of sentence became final, Lamore has failed to prove that subsection 9545(b)(1)(iii) applies to his case. Therefore, the PCRA court lacked jurisdiction to entertain his petition, and further review of the issues that he raised is unnecessary. We affirm the PCRA court's order dismissing Lamore's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2014

- 8 -