941 A.2d 646

COMMONWEALTH of Pennsylvania, Appellee

v.

David COPENHEFER, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 24, 2006.

Decided Dec. 28, 2007.

Matthew C. Lawry, Philadelphia, for David Copenhefer, appellant.

Bradley Henry Foulk, Erie, Amy Zapp, Harrisburg, Joseph P. Conti, Douglas Grant McCormick, Robert A. Graci, for the Com. of Pa., appellee.

BEFORE: CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## OPINION

Justice EAKIN.

Appellant appeals from the order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, as untimely. We affirm.

Appellant was convicted of first degree murder and sentenced to death.[1] On direct appeal, he claimed the trial court erred by failing to instruct the jury at the penalty phase that his lack of prior record constituted a mitigating circumstance.

---

1. The underlying facts are set forth in *Commonwealth v. Copenhefer*, 526 Pa. 555, 587 A.2d 1353 (1991) (*Copenhefer I*), the direct appeal where this Court affirmed the conviction and sentence.

The prosecution and defense stipulated appellant had no prior record, and defense counsel requested a jury instruction indicating this fact must be found as a mitigating factor. The trial court did not give the instruction; the jury found no mitigating circumstances and two aggravating circumstances. *Copenhefer I,* at 1358.

This Court found no error because the verdict slip clearly indicated the jury considered mitigating evidence based on the lack of prior record. *Id.,* at 1360. On a line of the verdict slip where jurors were to indicate any mitigating circumstances found, the jury wrote "first offense" but later crossed it out because of confusion surrounding the verdict slip instructions. *Id.,* at 1364 (Appendix A). It was clear from the record the jury was confused regarding the verdict form itself, but not regarding the absence of mitigating circumstances. This Court did not find any support in the record suggesting the death verdict was the product of passion, prejudice, or any arbitrary factor. *Id.,* at 1360. The only lack of certainty was regarding how the "complicated verdict slip was to be marked." *Id.*[2]

Appellant did not seek review by the United States Supreme Court. He did petition for relief under the PCRA. While this petition was pending, he filed a *pro se* petition for a writ of habeas corpus with the United States District Court, which was dismissed without prejudice. *See Copenhefer v. Horn,* Civil Action No. 99–5E, unpublished memorandum at 12 (U.S. Dist. Ct. filed August 15, 2002) (citing *Copenhefer v. Domonovich,* Civil Action No. 92–49E, unpublished memorandum (U.S. Dist. Ct. filed February 11, 1992)). The PCRA court subsequently denied appellants PCRA petition; this Court affirmed, *see Commonwealth v. Copenhefer,* 553 Pa. 285,

**2.** Chief Justice (then-Justice) Cappy dissented, stating the jury should have been instructed it was bound to find at least one mitigating circumstance, based on 42 Pa.C.S. § 9711(e)(1), which provides "[m]itigating circumstances *shall include* the following: (1) [t]he defendant has no significant history of prior criminal convictions." *Copenhefer I,* at 1366 (Cappy, J., dissenting) (citing 42 Pa.C.S. § 9711(e)(1)) (emphasis in original). The dissent indicated the trial court erred when it failed to instruct the jury it was required to conclude there was no prior record based on the parties stipulation. *Id.*

719 A.2d 242 (1998) (*Copenhefer II*), and the United States Supreme Court denied certiorari. *See Copenhefer v. Pennsylvania*, 528 U.S. 830, 120 S.Ct. 86, 145 L.Ed.2d 73 (1999).

Appellant filed a second PCRA petition, but later withdrew it. He filed a second habeas corpus petition with the United States District Court. The petition was referred for initial review to a magistrate judge, who recommended granting it because appellants penalty phase was constitutionally defective based on the issues raised on direct appeal. *See Copenhefer v. Horn*, Civil Action No. 99–5E, unpublished memorandum at 114 (U.S. Dist. Ct. filed August 15, 2002). The magistrate judge recommended denying relief regarding alleged error in the guilt phase of appellants trial; appellant does not raise those issues here. *Id.*, at 115. A district judge accepted the magistrate judges recommendations; appellant and the Commonwealth appealed to the Court of Appeals for the Third Circuit, which stayed the appeal pending this Courts ruling here. *Id.*

On October 17, 2001, appellant filed a third PCRA petition based on this Courts decision in *Commonwealth v. Rizzuto*, 566 Pa. 40, 777 A.2d 1069 (2001) (where mitigating circumstance is presented to jury by stipulation, jury is required to find that mitigating factor) (abrogated on other grounds by *Commonwealth v. Freeman*, 573 Pa. 532, 827 A.2d 385, 400 (2003)). The PCRA court gave notice of its intention to dismiss the petition as untimely; appellant argued the time-bar exception in 42 Pa.C.S. § 9545(b)(1)(iii)[3] applied, and that he had filed his petition within 60 days after *Rizzuto* was decided, as required by 42 Pa.C.S. § 9545(b)(2).[4] The PCRA court dismissed the petition, holding *Rizzuto* neither recognized a new constitutional right nor directed its holding should be applied retroactively; thus, § 9545(b)(1)(iii) did not apply.

---

**3.** "[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id*

**4.** "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." *Id.*

*See* PCRA Court Notice of Intent to Dismiss, 2/13/02, at 3. Appellant now appeals the denial of PCRA relief.

 Our standard of review is whether the PCRA courts order is supported by the record and free of legal error. *Commonwealth v. Abu–Jamal,* 574 Pa. 724, 833 A.2d 719, 723 (2003). We must first determine the propriety of the PCRA courts dismissal of appellants petition as untimely. *Id.* A PCRA petition, including a second or subsequent one, must normally be filed within one year of the date the judgment becomes final, 42 Pa.C.S. § 9545(b)(1),[5] unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented. *Id.,* § 9545(b)(2). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Abu–Jamal,* at 723–24 (citations omitted).

 Appellant argues *Rizzuto* created a new constitutional right and should be applied retroactively, bringing his PCRA petition within § 9545(b)(1)(iii). *Rizzuto* involved circumstances similar to the present case. During the penalty phase of Rizzuto's trial, the parties stipulated Rizzuto had no previous criminal history. *Rizzuto,* at 1088. At the time the stipulation was entered, the trial court instructed the jury it must accept the stipulation as fact; the court did not repeat the instruction during the final jury instructions at the end of the penalty phase, and the jury failed to find the lack of previous criminal history as a mitigating factor and sentenced Rizzuto to death. *Id.* Rizzuto claimed the jury was required to find a mitigating circumstance under 42 Pa.C.S. § 9711(e)(1), which states mitigating circumstances shall include a defendant having no prior criminal convictions. This Court recognized under *Copenhefer I,* no error would be found where it was clear the jury considered the lack of criminal record during its deliberations. *Rizzuto,* at 1088. However,

5. A judgment becomes final at the conclusion of direct review, including· discretionary review, or at the expiration of time for seeking such review. *Id.,* § 9545(b)(3).

after reevaluating the impact of *Copenhefer I*, we were convinced the more prudent course of action was to overrule *Copenhefer I* and to adopt its dissent. *Id.*, at 1089. Thus, under *Rizzuto*, where a mitigating circumstance is presented to the jury by stipulation, the jury is required by law to find that mitigating factor. *Id.* We explained:

[W]here the absence of a prior record is not in dispute, as in this case, the sentencing jury has no discretion whether or not to find the existence of this fact as a mitigating factor. If we would grant the jury discretion to ignore stipulations of fact, we would be granting the right to arrive at a sentencing verdict in an arbitrary and capricious fashion. Such a conclusion would undercut the very purpose of the death penalty sentencing scheme as developed by our General Assembly. A sentence of death cannot be "the product of passion, prejudice or any other arbitrary factor." 42 Pa.C.S. § 9711(h)(3)(i).

Accordingly, where a mitigating circumstance is presented to the jury by stipulation, the jury is required by law to find that mitigating factor. In the instant case, the jury was not directed to find the existence of (e)(1); nor did the jury herein find that (e)(1) had been proven by a preponderance of the evidence, despite the stipulation.

*Id.* Accordingly, we vacated Rizzuto's sentence and remanded for a new sentencing hearing. Appellant asserts this holding brings his petition within the ambit of the time-bar exception in § 9545(b)(1)(iii).

This Court examined this exception in *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), noting:

Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past

tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.*, at 501.

This Court has recognized *Rizzuto* created a new rule of law. *See Commonwealth v. Marinelli*, 589 Pa. 682, 910 A.2d 672, 681–82 (2006) (Opinion Announcing the Judgment of the Court);[6] *Commonwealth v. Johnson*, 572 Pa. 283, 815 A.2d 563, 581–82 (2002). However, we have not held that new rule to be constitutional in nature,[7] and clearly the ruling is based on interpretation of the statute. Neither have we held *Rizzuto* applies retroactively.

Appellants direct appeal was exhausted 30 days after it was decided March 18, 1991, the time within which he could have filed a certiorari petition, and thus was not pending when *Rizzuto* was decided in 2001. Thus, he is not entitled to retroactive application of *Rizzuto*.

Because appellant has failed to demonstrate he met the requirements of § 9545(b)(1)(iii), his PCRA petition was properly dismissed as untimely, and we affirm the order of the PCRA court.

6. Although *Marinelli* was not a majority decision, this Court was in agreement that *Rizzuto* created a new rule; the concurring opinions were concerned with issue preservation and waiver in the context of layered ineffectiveness claims. *See Marinelli*, at 689–90 (Cappy, C.J., concurring); *id.*, at 690–91 (Saylor, J., concurring).

7. The constitutional issue, according to appellant, is raised because we determined the jury is able to arrive at an arbitrary and capricious sentence if it is given discretion to ignore stipulations of fact. *Rizzuto*, at 1089. Appellant cites a litany of cases from this Court and the United States Supreme Court holding sentences which are "arbitrary and capricious" violate the Eighth Amendment to the United States Constitution. *See* Appellant's Brief, at 9 n. 6 & 7 (collecting cases). However, we used the "arbitrary and capricious" language in *Rizzuto* to indicate the danger of "undercut[ting] the very purpose of the death penalty sentencing scheme as developed by our General Assembly." *Rizzuto*, at 1089. We did not expressly discuss the United States Constitution or any constitutional rights.

The Prothonotary of this Court is directed to transmit the complete record of this case to the Governor pursuant to 42 Pa.C.S. § 9711(i).

Order affirmed. Jurisdiction relinquished.

Chief Justice CAPPY and Justice CASTILLE join the opinion.

Justice SAYLOR files a concurring opinion.

Justice BAER files a dissenting opinion in which Justice BALDWIN and Justice FITZGERALD join.

Justice SAYLOR, concurring.

I agree with Mr. Justice Baer that the decision in *Commonwealth v. Rizzuto*, 566 Pa. 40, 777 A.2d 1069 (2001), has a constitutional dimension. *See* Dissenting Opinion at 112–13, 941 A.2d at 651. However, as the majority explains, the exception to the PCRA's one-year time bar set forth in Section 9545(b)(1)(iii) applies only where a constitutional right already has been determined by a court to be retroactive to cases pending on collateral review. *See* Majority Opinion at 108–10, 941 A.2d at 649–50 (citing *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 226, 812 A.2d 497, 501 (2002)). Since this circumstance is not present here, the jurisdictional one-year time bar facially applies. With regard to Appellant's equitable arguments, this Court has repeatedly reinforced that the jurisdictional time limitations are not subject to equitable exceptions. *See Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). Thus, I believe that the only remaining question concerns the constitutionality of the time bar as applied to Appellant's circumstance.[1]

Appellant argues that the time bar is not reasonable as applied to his circumstance, and that it therefore violates relevant constitutional norms. In this regard, Appellant ob-

1. Recently, a majority of the Court reaffirmed that the timing provisions of the PCRA are subject to as-applied constitutional challenges based on claims of unreasonable application. *See Commonwealth v. Bennett*, 593 Pa. 382, 397–98, 930 A.2d 1264, 1273 (2007); *see also Abdul–Salaam*, 571 Pa. at 226–27, 812 A.2d at 501.

serves that this Court has determined that, under the Pennsylvania Constitution, the Legislature may impose only reasonable restrictions on claims traditionally within the purview of state habeas corpus review. *See* Initial Brief for Appellant at 11–13 (citing *Abdul–Salaam,* 571 Pa. at 226–27, 812 A.2d at 501).

I recognize the paradoxical nature of Appellant's situation, given that he seeks application of a rule of law that overturned the holding of his own direct appeal. Nevertheless, in terms of the overall reasonableness of enforcing the time limitation on state collateral review, it bears mention that the sentencing jury did initially note the absence of prior offenses as a mitigating factor on the verdict slip, but subsequently rejected it by drawing a line through the words "first offense" in the mitigation category. It seems implausible that jurors who considered but rejected the notion that Appellant's lack of a criminal history represented meaningful mitigation would find that this factor offset the substantial aggravation that was established by the Commonwealth. Further, I remain of the view that the time bar is a rational and perhaps necessary legislative response to serial challenges raised by prisoners that undermine finality and tax government resources, and to effectively implement a limitation, exceptions by their nature must contain effective boundaries. *See Bennett,* 593 Pa. at 407–08, 930 A.2d at 1279 (Saylor, J., dissenting). As applied here, it forecloses a redundant effort to return to state court to assert claims for relief from a twenty-year-old sentence upon which Appellant already has obtained relief in federal court, subject only to the remaining federal appellate review.

As I am unable to credit Appellant's argument that the one-year time bar is unreasonable as applied to him, I join the majority opinion, subject only to the above difference.

Justice BAER, dissenting.

In *Commonwealth v. Rizzuto,* 566 Pa. 40, 777 A.2d 1069 (2001), this Court held that granting discretion to the jury in a capital case to ignore stipulated mitigating factors would result in arbitrary and capricious death sentences. Because

the majority now concludes that this pronouncement was not constitutional in nature, and may not, therefore, serve as a basis for filing a PCRA petition outside of the one-year jurisdictional time limitation, I must respectfully dissent.

Where the jury finds one or more aggravating circumstances and no mitigating circumstance, the death penalty is mandatory. 42 Pa.C.S. § 9711(c)(1)(iv). During the penalty phase of Appellant's trial, the Commonwealth relied on two aggravating factors,[1] while Appellant raised multiple mitigating circumstances, including his lack of a prior criminal record. *See* 42 Pa.C.S. § 9711(e)(1). The Commonwealth agreed that Appellant had no prior criminal record, and stipulated to this fact. Notwithstanding this stipulation, however, the trial court declined defense counsel's request to instruct the jury that the stipulation established that Appellant had no prior record and required the jury to find the § 9711(e)(1) mitigating factor. When the jury returned with its penalty phase verdict, it erroneously concluded, notwithstanding the parties' stipulation, that there were no mitigating factors, and, accordingly, imposed an automatic death sentence in accord with 42 Pa.C.S. § 9711(c)(1)(iv). *Commonwealth v. Copenhefer,* 526 Pa. 555, 587 A.2d 1353 (1991).

On direct appeal, Appellant argued that the trial court erred in failing to charge the jury that Appellant's lack of a criminal record established the § 9711(e)(1) mitigating factor as a matter of law pursuant to the parties' stipulation. This Court denied relief, finding in a 4–3 decision that there was no error because the jury, while not instructed to find the § 9711(e)(1) factor, had the opportunity to consider it. *Copenhefer,* 526 Pa. 555, 587 A.2d 1353. The dissenting Justices would have ruled that the failure to charge the jury that it must find the stipulated § 9711(e)(1) factor contravened the sentencing statute. The dissent concluded that the result prejudiced Appellant because the jury, having found two aggravating circumstances and no mitigating circumstances, entered a mandatory

1. Specifically, that the victim was held for ransom and that the murder was committed during the course of a felony (kidnapping). *See* 42 Pa.C.S. § 9711(d)(3), (6).

death verdict without balancing the aggravating factors against the stipulated mitigating factor. *See* 42 Pa.C.S. § 9711(c)(1)(iv).

In 1999 Appellant filed a federal *habeas* petition in the United States District Court for the Western District of Pennsylvania, arguing that the trial court had failed to instruct the jury properly regarding the stipulated mitigating factor. While this federal petition was pending, this Court decided *Commonwealth v. Rizzuto*, 566 Pa. 40, 777 A.2d 1069 (2001), which abrogated *Copenhefer* and adopted the position advanced by Appellant and the *Copenhefer* dissent, holding that where a mitigating circumstance is presented to the jury by stipulation, the jury is required to find that mitigating factor and must be instructed accordingly. The *Rizzuto* court recognized that if it granted the jury discretion to ignore stipulations of fact, the Court "would be granting the right to arrive at a sentencing verdict in an arbitrary and capricious fashion." *Rizzuto*, 777 A.2d at 1089. Allowing such arbitrary and capricious sentences would, the Court reasoned, "undercut the very purpose of the death penalty sentencing scheme" in Pennsylvania, which prohibits a death sentence that is "the product of passion, prejudice or any other arbitrary factor." *Id.*, citing 42 Pa.C.S. § 9711(h)(3)(i) (prohibiting affirmance of a death sentences that is "the product of passion, prejudice or any other arbitrary factor.").

With his federal *habeas* petition still pending, Appellant filed the current PCRA petition setting forth a claim for relief based on *Rizzuto*, arguing that his death sentence violated the Eighth and Fourteenth Amendments to the United States Constitution.[2] Because this petition was filed outside of the

2. Appellant has been vigorous in defending himself. As the majority notes, Appellant filed a first PCRA petition after this Court affirmed his conviction. The trial court denied that petition, and this Court affirmed. Appellant also filed a *pro se* writ of federal *habeas corpus* while his first PCRA petition was pending, which was dismissed without prejudice. Appellant filed a second PCRA petition and a second federal *habeas* corpus petition. He withdrew his second PCRA petition, allowing his second federal *habeas* corpus petition to move forward. When this Court decided *Rizzuto*, Appellant filed the present PCRA petition, while his second *habeas* petition was still pending. As noted in the

jurisdictional one-year time requirement for PCRA petitions, *see* 42 Pa.C.S. § 9545(b)(1), Appellant asserted the existence of one of the statutory exceptions to the PCRA's one year limitation. Specifically, Appellant argued that the right he was asserting was a constitutional right, recognized by this Court after the one-year time period, which we have held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(iii).[3] Appellant further asserted that he had filed his PCRA petition within sixty days after *Rizzuto* was decided, as required by 42 Pa.C.S. § 9545(b)(2).

The PCRA court dismissed the petition on April 8, 2002, finding that Appellant had failed to establish the existence of an exception to the PCRA's one-year time bar because *Rizzuto* neither established a new constitutional right nor applied retroactively. *See* PCRA Court Notice of Intent to Dismiss, 2/13/02, at 3. On August 16, 2002, a federal magistrate entered a recommendation that Appellant's federal *habeas* claim be granted, concluding that the trial court had failed properly to instruct the jury regarding the stipulated mitigating factor, resulting in a violation of Appellant's Eighth Amendment right to be free from the imposition of an arbitrary death sentence. On December 9, 2002, the district court accepted this recommendation. After both parties appealed, the Third Circuit stayed further consideration of Appellant's *habeas* claim, pending this Court's ruling on the PCRA petition *sub judice*.

body of this opinion, the Third Circuit Court of Appeals has stayed consideration of Appellant's federal *habeas* petition awaiting our ruling in the instant matter.

**3.** This provision provides:

Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

\* \* \*

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545.

116

The majority now affirms the PCRA court's conclusion that Appellant's PCRA petition does not fall within the exception to the general PCRA one-year jurisdictional time limit, see 42 Pa.C.S. § 9545(b)(1), set forth in § 9545(b)(1)(iii). The gravamen of the majority's holding is that *Rizzuto* did not recognize an Eighth Amendment constitutional right, but rather merely interpreted the sentencing statute.

I cannot agree with the majority's conclusion in this regard. The Eighth Amendment to the federal constitution mandates individual assessment of the appropriateness of the death penalty, and bars the state from preventing the jury from considering and giving effect to mitigating evidence. *See Penry v. Lynaugh*, 492 U.S. 302, 318, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) (holding that the trial court must specifically instruct the jury that it could give effect to the mitigating evidence by declining to impose the death penalty); *see also Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) ("the Eighth and Fourteenth Amendments require that the sentence giver, in all but the rarest kind of capital case, not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.").

Appellants assertion on direct appeal, rejected by a majority of this Court, posited that the jury was required to find the mitigating circumstance that Appellant had no significant history of prior criminal convictions under § 9711(e)(1) because it was stipulated to by the Commonwealth. The identical argument was raised in *Rizzuto*. We noted therein that in death penalty cases, the jury is required to find the existence of any mitigating circumstances that have been proven by a preponderance of the evidence. *Id.*; *Commonwealth v. Cox*, 556 Pa. 368, 728 A.2d 923 (1999); *Commonwealth v. Williams*, 532 Pa. 265, 615 A.2d 716 (1992). Consequently, we held in *Rizzuto* that where the absence of a criminal record is not in dispute, the sentencing jury cannot fail to find this mitigator.

In holding in *Rizzuto* that permitting the jury to disregard a stipulated mitigating factor would lead to an arbitrary and

capricious sentence, we invoked constitutional Eighth Amendment jurisprudence finding that an arbitrary sentence is unconstitutional. *See Arave v. Creech*, 507 U.S. 463, 470, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993) ("a capital sentencing scheme must suitably direc[t] and limi[t] the sentencer's discretion so as to minimize the risk of wholly arbitrary and capricious action."); *Parker v. Dugger*, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991) ("The Constitution prohibits the arbitrary or irrational imposition of the death penalty."); *Spaziano v. Florida*, 468 U.S. 447, 466–67, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). Citing the landmark case of *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court has held that where a jury is afforded discretion on a matter so grave as the determination of whether a human life should be taken or spared, "that discretion must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action." *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

Moreover, Pennsylvania's sentencing scheme was adopted in order to comply with *Furman* and avoid "a substantial risk that it [the death sentence] would be inflicted in an arbitrary and capricious manner." *Commonwealth v. Cross*, 508 Pa. 322, 496 A.2d 1144 (1985). The Pennsylvania Legislature, in order to meet the requirements of *Furman, Gregg*, and *Commonwealth v. Moody*, 476 Pa. 223, 382 A.2d 442 (1977), enacted 42 Pa.C.S. § 9711, a sentencing formula "designed to guide and limit the discretion of the sentencing jury as to avoid a totally arbitrary result while retaining with the jury the opportunity to give an individualized sentence where mitigation is found." *Cross*, 496 A.2d at 1151. *See also Commonwealth v. Billa*, 521 Pa. 168, 555 A.2d 835, 845 (1989) ("Our death sentencing procedures were carefully designed by the legislature to channel the discretion of the jury and prevent arbitrary or capricious imposition of the death penalty."). In fact, the review that this Court conducts in capital cases for passion, prejudice, or other arbitrary factors pursuant to § 9711(h)(3)(I) was adopted to satisfy *Furman*. *Common-*

*wealth v. Whitney,* 511 Pa. 232, 512 A.2d 1152, 1164 (1986) (Larson, J., concurring); *see Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A.2d 937, 959 (1982).

By concluding in *Rizzuto* that Appellant's sentence was arbitrary and capricious because the jury had the discretion to ignore a stipulated mitigator, we relied on the language employed in Eighth Amendment jurisprudence barring arbitrary and capricious sentences. Thus, our holding in *Rizzuto* recognized a new constitutional right requiring a jury to accept stipulated-to mitigating factors as a matter of Eighth Amendment jurisprudence.[4] Without a proper and necessary instruction from the trial court, the jury disregarded the stipulated mitigator and consequently imposed an automatic death sentence, where state and federal law required it to weigh the aggravating factors against the stipulated mitigator.

I turn next to the question of *Rizzuto's* retroactivity. I note that this Court's opinion in that case did not discuss whether it would be applied retroactively. Significantly, Appellant does not argue that *Rizzuto* should be applied retroactively in accord with our established test for such application.[5] Instead, Appellant argues that fundamental fairness requires that our *Rizzuto* discussion apply retroactively to him, citing *Commonwealth v. Cruz,* 578 Pa. 263, 851 A.2d 870 (2004). *Cruz* afforded relief to a PCRA petitioner whose co-defendant had previously been granted relief on an identical claim, accepting the petitioner's argument that this remedy was

4. Although the majority notes Appellant's reliance on the line of cases prohibiting arbitrary and capricious death sentences as violative of the Eighth Amendment, it dismisses this argument by relating the arbitrary and capricious language in *Rizzuto* to the statutory sentencing scheme, as opposed to the constitutional right involved. By doing so, the majority ignores the fact that, as explained above, the sentencing scheme was created specifically to prevent unconstitutionally arbitrary and capricious sentences, which violate the Eighth Amendment, and, thus, is premised upon this precedent rather than independent from it.

5. In *Kendrick v. District Attorney Of Philadelphia County,* 591 Pa. 157, 916 A.2d 529, 539 (2007), we discussed the major considerations involved in determining whether a holding should be deemed new and/or whether the holding should apply retroactively or prospectively. As Appellant does not raise or argue this contention, it is unnecessary to set forth and analyze the test.

necessary to serve fundamental fairness. In the scenario before us, Appellant's direct appeal resulted in our holding that no error had occurred. While he languished in jail, we reconsidered that holding and, as explained earlier, reversed ourselves in *Rizzuto*. Under these circumstances, we agree with Appellant that as a matter of fundamental fairness he should be granted the relief he originally sought, but did not get, only to see his position vindicated in *Rizzuto*.

Justice BALDWIN and Justice FITZGERALD join this dissenting opinion.