J-S58016-14

2014 PA Super 280

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| MICHAEL REED, | | |
| Appellant | | No. 1956 WDA 2013 |

Appeal from the PCRA Order Entered on December 9, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006853-1990

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

CONCURRING OPINION BY BENDER, P.J.E.: **FILED DECEMBER 19, 2014**

While I concur in the Majority's result, I disagree with the Majority's conclusion that ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), stands for the blanket proposition that ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), is not retroactive.

Specifically, I believe the Majority's statement that "the question of whether ***Miller*** represents a watershed rule has been addressed by our Supreme Court" inaccurately reflects the Supreme Court's holding in ***Cunningham***. Majority Opinion at 11. I note that the ***Cunningham*** Court acknowledged that

_____

[*] Retired Senior Judge assigned to the Superior Court.

> ***Teague v. Lane***[1] delineated a general rule of non-retroactivity for new procedural, constitutional rules announced by the Court, … subject to two narrow exceptions. … [T]he exceptions extend to "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," and "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."

***Cunningham***, 81 A.3d at 4 (internal citations omitted).  The ***Cunningham*** Court then analyzed whether ***Miller*** was retroactive pursuant to the first ***Teague*** exception.  Ultimately, the Court concluded that "the first ***Teague*** exception does not apply to the ***Miller*** rule," because, "by its own terms, the ***Miller*** holding 'does not categorically bar a penalty for a class of offenders.'" ***Cunningham,*** 81 A.3d at 10 (internal citations omitted).

Significantly, the ***Cunningham*** Court then went on to state: "As to the second ***Teague*** exception, as we have previously noted, Appellant has not developed his arguments in such terms."  ***Id.***  In doing so, the ***Cunningham*** Court acknowledged that the question of whether ***Miller*** represented a so-called "watershed rule of criminal procedure" was not before them.

The ***Cunningham*** Court then questioned whether the United States Supreme Court would find that ***Miller*** presents a watershed rule:

> We will say that, given the high importance attached by the ***Miller*** majority to the new rule which it discerned, it seems possible that some Justices of the United States Supreme Court may find the rule to be of the watershed variety….  We doubt,

---

[1] 109 S.Ct. 1060 (1989) (plurality).

however, that a majority of the Justices would broaden the exception beyond the exceedingly narrow … parameters reflected in the line of decisions referenced by the Commonwealth. According to the Court, the exception is limited to "sweeping" changes on the order of *Gideon v. Wainwright*;[2] modifications of a less broadscale nature, while they may be very important, simply do not require retroactive application, under the second *Teague* exception.

*Id.* at 10.

The Majority interprets this discussion as a holding, stating that "there is no reasonable doubt about our Supreme Court's conclusion in *Cunningham* on the non-retroactivity of *Miller*." Majority Opinion at 12. However, I believe the *Cunningham* Court's discussion regarding the second *Teague* exception is *dicta*. First, the *Cunningham* Court acknowledged that the issue of whether *Miller* represents a "watershed rule" had not been raised by the appellant. In addition, the Court noted that it was speculating as to how the United States Supreme Court might rule on the issue, and it did not purport to undertake its own analysis. Finally, the *Cunningham* Court explicitly expressed its uncertainty with regard to how the United States Supreme Court might theoretically decide the issue. The Court noted that it "seems possible that some Justices… may find the rule to be of the watershed variety," but "doubt[ed] that a majority of the Justices would" reach that conclusion. *Cunningham* at 10. Thus, I believe that the

---

[2] 83 S.Ct. 792 (1963) (holding that all indigent defendants charged with felonies are entitled to appointed counsel).

question of whether *Miller* represents a procedural watershed rule requiring retroactive application has not yet been addressed in this Commonwealth.

Even though the Pennsylvania Supreme Court has not explicitly foreclosed the possibility that *Miller* is retroactive under the second *Teague* exception, Appellant nonetheless has failed to prove an exception to the PCRA time bar. Recently, our Court addressed the retroactively-applied constitutional right exception to the PCRA time bar, noting:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Seskey*, 86 A.3d 237, 242-243 (Pa. Super. 2014) (quoting *Commonwealth v. Copenhofer*, 941 A.2d 646, 649-650 (Pa. 2007)).

While I believe the question of whether the constitutional right recognized in *Miller* represents a "watershed rule" is undecided in Pennsylvania, our Supreme Court has not yet affirmatively held "in the past tense" that *Miller* is retroactive. On these grounds, I am constrained to conclude that Appellant has failed to prove an exception to the PCRA time

bar, and this Court is without jurisdiction to consider the merits of his facially untimely PCRA petition. Accordingly, I concur with the Majority's disposition to grant counsel's petition to withdraw and affirm the order of the trial court dismissing Appellant's PCRA petition.