CONCURRING OPINION BY
BENDER, P.J.E.:
While I concur in the Majority’s result, I disagree with the Majority’s conclusion that Commonwealth v. Cunningham, 622 Pa. 543, 81 A.3d 1 (2013), stands for the blanket proposition that Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), is not retroactive.
Specifically, I believe the Majority’s statement that “the question of whether Miller represents a watershed rule has been addressed by our Supreme Court” inaccurately reflects the Supreme Court’s holding in Cunningham. Majority Opinion at 143. I note that the Cunningham Court acknowledged that
Teague v. Lane[1] delineated a general rule of non-retroactivity for new procedural, constitutional rules announced by the Court, ... subject to two narrow exceptions. ... [T]he exceptions extend to “rules prohibiting a certain category of punishment for a class of defendants because of their status or offense,” and “watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.”
Cunningham, 81 A.3d at 4 (internal citations omitted). The Cunningham Court then analyzed whether Miller was retroactive pursuant to the first Teague exception. Ultimately, the Court concluded that “the first Teague exception does not apply to the Miller rule,” because, “by its own terms, the Miller holding ‘does not categorically bar a penalty for a class of offenders.’ ” Cunningham, 81 A.3d at 10 (internal citations omitted).
Significantly, the Cunningham Court then went on to state: “As to the second Teague exception, as we have previously noted, Appellant has not developed his arguments in such terms.” Id. In doing so, the Cunningham Court acknowledged that the question of whether Miller represented a so-called “watershed rule of criminal procedure” was not before them.
The Cunningham Court then questioned whether the United States Supreme Court would find that Miller presents a watershed rule:
*145 We will say that, given the high importance attached by the Miller majority to the new rule which it discerned, it seems possible that some Justices of the United States Supreme Court may find the rule to be of the watershed variety.... We doubt, however, that a majority of the Justices would broaden the exception beyond the exceedingly narrow ... parameters reflected in the line of decisions referenced by the Commonwealth. According to the Court, the exception is limited to “sweeping” changes on the order of Gideon v. Wainwright;l[2]] modifications of a less broadscale nature, while they may be very important, simply do not require retroactive application, under the second Teague exception.
Id. at 10.
The Majority interprets this discussion as a holding, stating that “there is no reasonable doubt about our Supreme Court’s conclusion in Cunningham on the non-retroactivity of Miller.” Majority Opinion at 144. However, I believe the Cunningham Court’s discussion regarding the second Teague exception is dicta. First, the Cunningham Court acknowledged that the issue of whether Miller represents a “watershed rule” had not been raised by the appellant. In addition, the Court noted that it was speculating as to how the United States Supreme Court might rule on the issue, and it did not purport to undertake its own analysis. Finally, the Cunningham Court explicitly expressed its uncertainty with regard to how the United States Supreme Court might theoretically decide the issue. The Court noted that it “seems possible that some Justices ... may find the rule to be of the watershed variety,” but “doubt[ed] that a majority of the Justices would” reach that conclusion. Cunningham at 10. Thus, I believe that the question of whether Miller represents a procedural watershed rule requiring retroactive application has not yet been addressed in this Commonwealth.
Even though the Pennsylvania Supreme Court has not explicitly foreclosed the possibility that Miller is retroactive under the second Teague exception, Appellant nonetheless has failed to prove an exception to the PCRA time bar. Recently, our Court addressed the retroactively-applied constitutional right exception to the PCRA time bar, noting:
Subsection (iii) of Section 9545 [ (b)(1) ] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right “has been held” by “that court” to apply retroactively. Thus, a petitioner must prove that there is a “new” constitutional right and that the right “has been held” by that court to apply retroactively. The language “has been held” is in the past tense. These words mean that the action has already occurred, i.e., “that court” has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
Commonwealth v. Seskey, 86 A.3d 237, 242-243 (Pa.Super.2014) (quoting Commonwealth v. Copenhefer, 596 Pa. 104, 941 A.2d 646, 649-650 (Pa.2007)).
While I believe the question of whether the constitutional right recognized in Miller represents a “watershed rule” is unde *146 cided in Pennsylvania, our Supreme Court has not yet affirmatively held “in the past tense” that Miller is retroactive. On these grounds, I am constrained to conclude that Appellant has failed to prove an exception to the PCRA time bar, and this Court is without jurisdiction to consider the merits of his facially untimely PCRA petition. Accordingly, I concur with the Majority’s disposition to grant counsel’s petition to withdraw and affirm the order of the trial court dismissing Appellant’s PCRA petition.

. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (holding that all indigent defendants charged with felonies are entitled to appointed counsel).