J-S04043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEVAR LEONARD JONES, | : | |
| | : | |
| Appellant | : | No. 1442 MDA 2014 |

Appeal from the PCRA Order Entered August 11, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0003302-1994

BEFORE:    BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 31, 2015**

Levar Leonard Jones (Appellant) appeals from the August 11, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

When Appellant was 14 years old, he shot and killed Brian Whetts during the execution of a conspiracy to commit robbery.  In 1995, Appellant pled guilty to, *inter alia*, second-degree murder, and was sentenced to life imprisonment without possibility of parole.  He filed no direct appeal and was denied relief on his first two PCRA petitions.

In 2012, Appellant filed the instant PCRA petition, which the PCRA court dismissed as untimely filed by order of August 11, 2014.  Appellant

_____

*Retired Senior Judge assigned to the Superior Court.

timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one question for this Court's review: "whether the [PCRA] court erred in denying [Appellant's] PCRA [petition] when [Appellant] received a mandatory sentence of life without parole in violation of the Eighth Amendment to the United States Constitution and Article I Section 13 of the Pennsylvania Constitution?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Before we consider the merits of Appellant's arguments, we must determine whether his PCRA petition was timely filed. "[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011). "Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions." *Id.*

Here, Appellant attempted to invoke the timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(iii), which provides that a petition may be filed more than one year after a judgment becomes final if a petitioner pleads and proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held

by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Appellant claims that in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), the United States Supreme Court recognized a new right under the United States Constitution that must be applied retroactively. Appellant's Brief at 9. In the alternative, Appellant argues that he is entitled to relief under the broader protections offered by the Pennsylvania Constitution. **Id.** at 13. We disagree.

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Seskey**, 86 A.3d 237, 242-43 (Pa. Super. 2014) (quoting **Commonwealth v. Copenhefer**, 941 A.2d 646, 649–50 (Pa. 2007)).

The United States Supreme Court did not indicate in **Miller** whether its decision applies retroactively. In **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014), our Supreme Court held that the right recognized in **Miller** does **not** apply retroactively. Thus,

Appellant cannot use the **Miller** decision to satisfy the requirements of subsection 9545(b)(1)(iii).

Further, Appellant cites to no case in which our Supreme Court has recognized a new, retroactively-applicable right under Article I, Section 13 of the Pennsylvania Constitution. Therefore, Appellant cannot use this claim to sustain his burden as to subsection 9545(b)(1)(iii). **See Seskey**, 86 A.3d at 243 (holding that it could not consider the substance of the appellant's claims under Article I, Section 13 of the Pennsylvania Constitution given the language of subsection 9545(b)(1)(iii) and **Cunningham**).[1]

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court lacked jurisdiction to address the merits of his petition and properly dismissed it without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015

---

[1] Appellant acknowledges that this Court is unable to grant relief and indicates that he has filed his appeal and brief "in order to preserve these issues for further litigation." Appellant's Brief at 9.