J-S04039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LEE BOURGEOIS, | : | |
| | : | |
| Appellant | : | No. 1248 MDA 2014 |

Appeal from the PCRA Order Entered July 7, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0004224-2001
and CP-36-CR-0004975-2001

BEFORE:    BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 31, 2015**

Michael Lee Bourgeois (Appellant) appeals from the July 7, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

When Appellant was 17 years old, he killed Terry and Lucy Smith.  In 2003, Appellant entered into a negotiated guilty plea whereby he pled guilty to, *inter alia*, two counts of first-degree murder, and he received consecutive sentences of life imprisonment without possibility of parole.  He filed no direct appeal and was denied relief on his first two PCRA petitions.

In 2012, Appellant filed the instant PCRA petition, which the PCRA court dismissed as untimely filed by order of July 7, 2014.  Appellant timely filed a notice of appeal.  The PCRA court did not require Appellant to file a

*Retired Senior Judge assigned to the Superior Court.

statement of errors complained of on appeal, and none was filed. The PCRA court has filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents three questions for this Court's review:

A. Whether the [PCRA] court erred in denying Appellant's PCRA petition as untimely where *Miller v. Alabama*[1] should be applied retroactively to [Appellant] where he is proceeding under the [PCRA].

B. Whether Pennsylvania's mandatory life without parole sentencing scheme for juveniles convicted of murder (first or second degree) is unconstitutional under the U.S. and Pennsylvania Constitutions.

C. Whether [Appellant] should be re-sentenced under Act 204 of 2012.

Appellant's Brief at 4 (unnecessary capitalization, suggested answers, and trial court answers omitted).

Before we consider the merits of Appellant's arguments, we must determine whether his PCRA petition was timely filed. "[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011). "Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions." *Id.*

---

[1] 132 S.Ct. 2455 (2012), wherein the United States Supreme Court held that the federal Constitution prohibits the mandatory imposition on juveniles of life sentences without possibility of parole.

Here, Appellant attempted to invoke the timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(iii). PCRA Petition, 8/9/2012, at 3-4. That subsection provides that a petition may be filed more than one year after a judgment becomes final if a petitioner pleads and proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Appellant claims that in **Miller**, the United States Supreme Court recognized a new right under the United States Constitution that must be applied retroactively. Appellant's Brief at 10. In the alternative, Appellant argues that Article I, Section 13 of the Pennsylvania Constitution provides an independent basis for relief. **Id.** at 12. We disagree.

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Seskey***, 86 A.3d 237, 242-43 (Pa. Super. 2014) (quoting ***Commonwealth v. Copenhefer***, 941 A.2d 646, 649–50 (Pa. 2007)).

The United States Supreme Court did not indicate in ***Miller*** whether its decision applies retroactively. In ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014), our Supreme Court held that the right recognized in ***Miller*** does **not** apply retroactively. Thus, Appellant cannot use the ***Miller*** decision to satisfy the requirements of subsection 9545(b)(1)(iii).

Further, Appellant cites to no case in which our Supreme Court has recognized a new, retroactively-applicable right under Article I, Section 13 of the Pennsylvania Constitution. Therefore, Appellant cannot use this claim to sustain his burden as to subsection 9545(b)(1)(iii). ***See Seskey***, 86 A.3d at 243 (holding that it could not consider the substance of the appellant's claims under Article I, Section 13 of the Pennsylvania Constitution given the language of subsection 9545(b)(1)(iii) and ***Cunningham***).

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court lacked jurisdiction to address the merits of his petition and properly dismissed it without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/31/2015