J-S32041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| NOEL ROSADO | |
| Appellant | No. 2074 EDA 2016 |

Appeal from the PCRA Order June 10, 2016
in the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002899-2001

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 26, 2017**

Appellant, Noel Rosado, appeals from the order dismissing his seventh Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant claims he is entitled to relief based on newly discovered evidence that his trial counsel coerced him into pleading guilty fifteen years ago. We affirm.

On May 7, 2002, Appellant entered a guilty plea to one count of rape[2] in return for withdrawal of nine remaining counts pending against him. All ten charges related to Appellant's rape of his girlfriend's mother, who was intellectually disabled and who let Appellant in her home when he had nowhere else to stay. On September 9, 2002, the trial court sentenced

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3121(a)(1).

Appellant to six to eighteen years' imprisonment. Appellant did not file a direct appeal, so his judgment of sentence became final on October 9, 2002.

Between 2003 and 2016, Appellant filed six PCRA petitions, all of which were denied. On April 20, 2016, Appellant, acting *pro se*, filed his seventh PCRA petition, the subject of the present appeal, alleging that he is entitled to withdraw his guilty plea because his attorney threatened to withdraw his appearance unless Appellant pleaded guilty. On May 9, 2016, the PCRA court issued notice of its intent under Pa.R.Crim.P. 907 to dismiss the petition without a hearing. On June 3, 2016, Appellant filed a response in opposition to the Rule 907 notice. On June 10, 2016, the court denied Appellant's petition. Appellant timely appealed from this order, and the court issued a Pa.R.A.P. 1925(a) opinion without ordering Appellant to file a Pa.R.A.P. 1925(b) statement.

In this appeal, Appellant raises one issue:

> Did the lower court properly deny Appellant's [PCRA] petition as untimely?

Appellant's Brief at 4.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies . . . ." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Not only must the petitioner satisfy one of these exceptions, but he must file his petition "within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's April 20, 2016 PCRA petition was untimely on its face, because Appellant filed it more than thirteen years after his judgment of sentence became final. Appellant appears to argue that his claim is timely based on the unknown facts exception within section 9545(b)(1)(ii). This exception requires proof that "(1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (citation, emphasis and quotation marks omitted). Appellant cannot fulfill these requirements. The new fact upon which Appellant relies is that, while recently reviewing his written guilty plea colloquy, he allegedly discovered evidence that counsel coerced him to enter into his guilty plea by threatening to withdraw his appearance if the case went to trial. Appellant's Brief at 7. This is not an unknown fact,[3] because Appellant filled out his guilty plea colloquy form nearly fifteen years ago and knew at that time what he stated on this form. Further, he could have obtained information from this form years ago through due diligence, because it has been part of the certified record since his guilty plea in 2002.

For these reasons, the PCRA court correctly denied Appellant's seventh PCRA petition as untimely.

---

[3] Appellant has moved for leave to amend his brief in an attempt to explain how this was an unknown fact. We grant Appellant's motion to amend, but we find nothing in the amended text that demonstrates that this fact was unknown or that Appellant used due diligence in obtaining it.

Order affirmed.  Appellant's motion to amend brief granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017