J-S85042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES S. THOMPSON | |
| Appellant | No. 1318 WDA 2017 |

Appeal from the PCRA Order Entered June 30, 2017
In the Court of Common Pleas of Greene County
Criminal Division at Nos: CP-30-CR-0000187-2009; CP-30-CR-0000272-2009; CP-30-CR-0000297-2009; and CP-30-CR-0000422-2009

BEFORE:  BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED MARCH 27, 2018**

Appellant James S. Thompson appeals from the June 30, 2017 order[1] of the Court of Common Pleas of Greene County, which denied his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on August 20, 2010, Appellant entered into a negotiated guilty plea to various crimes, including several counts of driving under the influence ("DUI") in violation of Motor Vehicle Code, at the above-referenced dockets.  Consistent with his negotiated guilty plea, the trial court sentenced Appellant to an

---

[1] To the extent Appellant attempts to challenge his August 20, 2010 judgments of sentence, we decline to entertain the challenge as the judgments have become final.

aggregate term of nineteen months and nine days to five years' imprisonment, which Appellant was ordered to serve consecutive to his Fayette County sentence, at docket number 527 of 2008. Appellant did not file a direct appeal and his judgments of sentence became final on September 20, 2010.

On August 8, 2016, Appellant *pro se* filed the instant PCRA petition, seeking relief, *inter alia*, based on the United States Supreme Court's decision in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016).[2] The PCRA court appointed counsel, who filed an amended petition. Thereafter, following the PCRA court's May 5, 2017 issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, the PCRA court denied Appellant PCRA relief on June 30, 2017. Appellant timely appealed to this Court.

The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising four assertions of error. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, adopting the reasons outlined in its May 5, 2017 Rule 907 order. In particular, the PCRA court concluded that, because the United States Supreme Court issued *Birchfield* on June 23, 2016, Appellant's PCRA petition met the PCRA's timeliness exception. On the merits, however, the PCRA court concluded that

---

[2] *Birchfield* held that the Fourth Amendment to the United States Constitution does not permit warrantless blood tests incident to arrests for drunk driving and that a state may not criminalize a motorist's refusal to comply with a demand to submit to blood testing. *Birchfield*, 136 S. Ct. at 2185-86.

Appellant was not entitled to relief because **Birchfield** cannot be applied retroactively on collateral review.

On appeal,[3] Appellant essentially raises three issues for our review.[4] First, Appellant argues that the PCRA court erred in finding that he "was not entitled to a new trial under the law announced by the United States Supreme Court in **Birchfield**." Appellant's Brief at 17. Second, he argues that PCRA court "erred in finding that Appellant's trial counsel was not ineffective for failing to properly seek suppression of inadmissible evidence [(results of the blood test)], and allowing that evidence to be used against [Appellant] to induce a guilty plea." **Id.** at 24. Third, Appellant argues that the PCRA court "erred in finding that Appellant's plea was not unlawfully induced, where the circumstances make it likely that the inducement caused Appellant to plead guilty and [Appellant] is innocent." **Id.**

We note that Appellant's claims are intertwined as they all derive from the **Birchfield** decision. At the core, Appellant argues that **Birchfield** must be applied retroactively on collateral review and that, once applied, **Birchfield** would render his negotiated guilty plea invalid because the plea was premised

---

[3] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

[4] We note that Appellant's brief does not include a statement of questions involved as required by Pa.R.A.P. 2111(a)(4) and Pa.R.A.P. 2116(a). We, however, decline to quash this appeal as our review of the claims is not impeded.

on the results of an illegal blood draw to which Appellant never consented. Likewise, Appellant argues that his trial counsel was ineffective because he failed to challenge the voluntariness of Appellant's consent to the blood draw.

The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). As our Supreme Court explained:

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by

- 4 -

"that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "*has been held*" is in the past tense. *These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review.* By employing the past tense in writing this provision, the legislature clearly intended *that the right was already recognized at the time the petition was filed*.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649–50 (Pa. 2007), quoting *Commonwealth v. Abdul–Salaam*, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted) (emphasis added). Moreover, because the plain statutory language of Section 9545 requires that the PCRA petition "allege" all elements of the statutory exception, it is clear that, to properly invoke the "newly recognized constitutional right" exception, a petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

Here, as stated earlier, the record reflects Appellant's judgments of sentence became final on September 20, 2010. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from September 20, 2010, to file his PCRA petition, the current filing is facially untimely given it was filed on August 8, 2016.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant argues that he is entitled to relief under Section 9545(b)(1)(iii) because the United States Supreme Court created a new rule in *Birchfield* that has been held to apply retroactively. He

argues that he raised this issue on collateral review within sixty days of the issuance of **Birchfield**. Irrespective of whether Appellant complied with the sixty-day requirement of Section 9545(b)(2), he is not entitled to PCRA relief. To date, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Birchfield** applies retroactively to cases pending on collateral review. On the contrary, we recently held that "**Birchfield** does not apply retroactively in Pennsylvania to cases pending on collateral review." **Commonwealth v. Olson**, ___ A.3d __, PA Super 31, 2018 WL 847859, at *4 (filed February 14, 2018); see **Commonwealth v. Wilcox**, 174 A.3d 670, 673 (Pa. Super. 2017) (noting that **Birchfield** is not to be applied retroactively to cases on collateral review). Accordingly, the trial court did not abuse its discretion in denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2018