J-S13002-15

2015 PA Super 74

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JEFFREY CRISTINA, | |
| Appellee | No. 601 WDA 2013 |

Appeal from the PCRA Order Entered March 20, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0001478-1976
CP-02-CR-0002462-1976
CP-02-CR-0002464-1976

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

OPINION BY BENDER, P.J.E.:                    **FILED APRIL 14, 2015**

The Commonwealth appeals from the PCRA[1] court's order granting Jeffrey Cristina a new sentencing hearing.  Because the PCRA court lacked jurisdiction to entertain Cristina's untimely PCRA petition, we reverse.

In 1976, Cristina was convicted by a jury of second degree murder for the killing of Frank Slazinski during a home invasion.  Cristina, a juvenile when the homicide occurred, was sentenced to life in prison without the possibility of parole (LWOP) on March 29, 1977.  On October 5, 1978, our Supreme Court affirmed his judgment of sentence.  ***Commonwealth v. Cristina***, 391 A.2d 1307 (Pa. 1978).  The Supreme Court of the United

_____

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

States subsequently denied his Petition for Writ of Certiorari on February 21, 1979. *Cristina v. Pennsylvania*, 440 U.S. 925 (1979) (table).

On March 15, 1984, Cristina filed a counseled petition under the Post Conviction Hearing Act (PCHA), the statutory predecessor of the PCRA.[2] Cristina's PCHA petition was denied by order of the PCHA court on April 3, 1985. This Court affirmed that order on May 12, 1986, and our Supreme Court denied Cristina's subsequent petition for allowance of appeal on January 7, 1987. *Commonwealth v. Cristina*, 512 A.2d 1288 (Pa. Super. 1986) (unpublished memorandum), *appeal denied*, 521 A.2d 931 (Pa. 1987) (table).

Cristina filed his second post-conviction petition for collateral relief on June 16, 2010. Counsel was appointed and filed an amended PCRA petition on September 14, 2011. Following a hearing, Cristina's amended petition was denied by order of the PCRA court dated October 28, 2011. Cristina did not appeal from that order.

Cristina filed his third post-conviction petition for collateral relief, the subject of the instant appeal, on July 27, 2012, 32 days after the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455, 2469 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile

---

[2] The PCHA was repealed in part, modified in part, and renamed the Post Conviction Relief Act, effective April 13, 1988.

offenders"). On August 14, 2012, current PCRA counsel was appointed. He filed an amended PCRA petition (hereinafter "the Petition") on Cristina's behalf on December 3, 2012, alleging that, under the rubric of **Miller**, Cristina's LWOP sentence constituted cruel and unusual punishment under the 8th Amendment. By order dated March 20, 2013, the PCRA court granted the Petition and set a date for resentencing Cristina. The Commonwealth then timely filed the instant appeal, as well as a timely Pa.R.A.P. 1925(b) statement. Subsequently, the PCRA court issued its Rule 1925(a) opinion on September 9, 2014. Therein, the PCRA court changed course, recommending that this Court reverse its March 20, 2013 order. PCRA Court Opinion (PCO), 9/9/14, at 2.

The Commonwealth now presents the following question for our review:

> Whether the PCRA court erred in granting [Cristina] post-conviction relief in the form of resentencing where the [Petition] was untimely filed?

Commonwealth's Brief, at 4.

This Court's standard of review regarding an order granting or denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). "However, this Court applies a *de novo* standard of

review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

We must begin by addressing the timeliness of the Petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, it is undisputed that the Petition is untimely and, therefore, that Cristina had to avail himself of at least one of the exceptions to the timeliness requirements set forth in Section 9545(b)(1)(i)-(iii) in the Petition. There is also no dispute that Cristina has not alleged the applicability of either Section 9545(b)(1)(i) or (ii). Accordingly, our inquiry is focused on whether Cristina can rely on Section 9545(b)(1)(iii) to overcome the PCRA's time limitations.

Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Copenhefer***, 941 A.2d 646, 649–50 (Pa. 2007) (quoting ***Commonwealth v. Abdul–Salaam***, 812 A.2d 497, 501 (Pa. 2002)).

The Commonwealth argues that the United States Supreme Court's decision in ***Miller***, the case relied upon by Cristina to invoke Section 9545(b)(1)(iii), has not been "held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(iii). Accordingly, the Commonwealth contends that the PCRA court lacked jurisdiction to entertain the Petition. Despite entering an order granting Cristina's Petition, the PCRA court now agrees with the Commonwealth's position in light of our Supreme Court's decision in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), *cert. denied*, ***Cunningham v. Pennsylvania***, 134 S.Ct. 2724 (2014). PCO, 9/9/14, at 2.

In ***Cunningham***, our Supreme Court held that, "applying settled principles of appellate review, nothing in [Cunningham]'s arguments persuades us that ***Miller***'s proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of ***Miller***'s announcement." ***Cunningham***, 81 A.3d at 11. Moreover, the ***Cunningham*** Court determined that "the ***Miller*** majority did not specifically address the question of whether its holding applies to judgments of sentence for prisoners, … which already were final as of the time of the ***Miller*** decision." ***Id.*** at 4.

Notably, however, the **Cunningham** decision addressed claims of **Miller**'s retroactivity *as presented by Cunningham*. As the **Cunningham** Court acknowledged,

> **Teague v. Lane**, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality), delineated a general rule of non-retroactivity for new procedural, constitutional rules announced by the Court, ... subject to two narrow exceptions.... [T]he exceptions extend to "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," and "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." More recently, in **Schriro v. Summerlin**, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), the High Court appears to have merged the first Teague exception with the principle that new substantive rules generally apply retroactively.

**Cunningham**, 81 A.3d at 4-5 (internal citations omitted).

The **Cunningham** Court clearly held that "the first **Teague** exception does not apply to the **Miller** rule." **Id.** at 10. However, as to the second **Teague** exception, the **Cunningham** Court stated that "[Cunningham] has not developed his arguments in such terms." **Id.** The Court went on to admit that "given the high importance attached by the **Miller** majority to the new rule which it discerned, it seems possible that some Justices of the United States Supreme Court may find the rule to be of the watershed variety." **Id.** Nonetheless, the **Cunningham** Court expressed doubt regarding whether a majority of the High Court would apply the second **Teague** exception to **Miller**. **Id**. Whether our Supreme Court's prediction will be accurate remains to be seen; however, that prediction is obviously

dicta, because Cunningham had not argued the applicability of that exception.

Accordingly, while it may be convenient shorthand to state that *Cunningham* *held that the rule in* *Miller* *does not apply retroactively*, that is not completely accurate. *Cunningham* can only be read for the propositions that 1) the *Miller* Court did not, itself, give retroactive effect to the new rule it announced, and 2) *Miller* is not otherwise retroactive under the first *Teague* exception. Whether *Miller* is retroactive under the second *Teague* exception, or some other theory,[3] has not yet been addressed by our Supreme Court.

Nevertheless, in the wake of *Cunningham*, it is clear that neither the United States Supreme Court, nor the Pennsylvania Supreme Court, has held that the rule in *Miller* applies retroactively. Accordingly, we are constrained to agree with the Commonwealth that Cristina cannot rely on *Miller* to establish the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii). As such, the PCRA court lacked jurisdiction to entertain the Petition, and Cristina's LWOP sentence must remain in effect.

Cristina argues, in the alternative, that because he filed the Petition after *Miller*, but before *Cunningham*, we should remand to the PCRA court

_____

[3] In his concurring opinion in *Cunningham*, then Chief Justice Castille offered several "thoughts upon the prospects of other methods of remedying the seeming inequity arising in the post-*Miller* landscape." *Cunningham*, 81 A.3d at 14 (Castille, C.J., concurring).

to afford him the opportunity to amend the Petition so as to construe his invocation of Section 9545(b)(1)(iii) in light of the "current legal landscape[.]" Appellant's Brief, at 15. Ostensibly, Cristina would amend his petition to raise the retroactivity questions left unaddressed in **Cunningham**, as we discussed *supra*. However, no such modification could overcome the obstacle presented by Section 9545(b)(1)(iii). Because the United States Supreme Court has never expressly recognized **Miller** to apply retroactively, Cristina cannot avail himself of that exception to the PCRA's time-bar. The time-bar is jurisdictional in nature and, thus, the PCRA court lacks jurisdiction to entertain the Petition, let alone any amendment thereto. **See Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014).[4] Accordingly, we deny Cristina's remand request.

_____

[4] In **Seskey**, this Court considered the appellant's attempts to give retroactive effect to **Miller** under multiple legal theories not settled by the **Cunningham** decision, including some of the theories suggested by former Chief Justice Castille in his concurring opinion in **Cunningham**. The **Seskey** Court held:

> While these arguments someday may require consideration by our courts, today cannot be that day. Before a court may address [the a]ppellant's arguments, or similar contentions, that court must have jurisdiction. We cannot manufacture jurisdiction based upon the substantive claims raised by the parties. Presently, we are confined by the express terms of subsection 9545(b)(1)(iii) and our Supreme Court's decision in **Cunningham**. Combined, those two elements require us to conclude that we lack jurisdiction. *No substantive claim can overcome this conclusion.*

*(Footnote Continued Next Page)*

Order ***reversed***.  Jurisdiction ***relinquished***.

Judge Stabile joins this opinion.

Judge Mundy files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/2015

---

*(Footnote Continued)* ——————

***Seskey***, 86 A.3d at 243 (emphasis added).