J. S54045/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID KEYS, | : | |
| | : | |
| Appellant | : | No. 1151 EDA 2015 |

Appeal from the PCRA Order March 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-1105111-2005

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.: **FILED AUGUST 31, 2015**

*Pro se* Appellant, David Keys, appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his serial Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends newly-discovered evidence of a ***Brady*** claim excuse the untimeliness of his petition and the PCRA court erred by concluding he was not eligible for relief. We affirm.

We adopt the facts and procedural history set forth by the PCRA court. ***See*** PCRA Ct. Op., 5/1/15, at 1-2. The PCRA court docketed the instant serial petition on July 7, 2014. On January 20, 2015, the PCRA court issued

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

a Pa.R.Crim.P. 907 notice of intent to dismiss,[2] and the court docketed Appellant's *pro se* response on February 5, 2015. The PCRA court dismissed Appellant's petition on March 12, 2015, and Appellant timely appealed.

Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on June 16, 2009; Appellant filed the instant serial petition on July 7, 2014, over five years later. Thus, this Court must discern whether the PCRA court erred by holding Appellant did not plead and prove one of the three timeliness

---

[2] The Rule 907 notice asserted that Appellant was no longer serving a sentence in the instant case, although he was incarcerated at a federal corrections facility. Pa.R.Crim.P. 907 Notice, 1/20/15.

exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Copenhefer*, 941 A.2d at 648. In this case, Appellant has not pleaded and proved any of the timeliness exceptions; nowhere in his petition did he establish that he filed the instant petition within sixty days of obtaining alleged newly-discovered evidence. Accordingly, we agree with the PCRA court's determination that Appellant did not properly invoke any one of the three timeliness exceptions. *See Copenhefer*, 941 A.2d at 648; *Fahy*, 737 A.2d at 223. Thus, the PCRA court lacked jurisdiction.[3] *See Fahy*, 737 A.2d at 223. Having discerned no error of law, we affirm the order below. *See Wilson*, 824 A.2d at 333.

Application for relief denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2015

---

[3] Although we need not address whether Appellant is no longer eligible for PCRA relief because he did not establish jurisdiction, it appears he is on parole for the instant sentence. *See* Ex. A. to Appellant's Response to Pa.R.Crim.P. 907 Notice, 2/5/15.