J-S90030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL S. GARNETT | |
| Appellant | No. 2267 EDA 2016 |

Appeal from the PCRA Order Dated June 1, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000226-1971

BEFORE:   OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 16, 2016**

*Pro se* Appellant, Carl S. Garnett, appeals from the order dismissing his fifth Post Conviction Relief Act ("PCRA")[1] petition.  Appellant argues he is entitled to resentencing based on the United States Supreme Court's holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held that mandatory life-without-parole sentences for juveniles are unconstitutional.  *See* 132 S. Ct. at 2469.  We affirm.

The facts and lengthy procedural history of the case are not necessary for our disposition.  In short, a prior panel of this Court, when deciding an appeal from dismissal of Appellant's fourth PCRA petition, affirmed the PCRA

_____

[1] 42 Pa.C.S. §§ 9541-9546.

court's finding that Appellant was born on January 21, 1953, and was over the age of eighteen (and therefore not a juvenile) when he committed murder in March of 1971. ***Commonwealth v. Garnett***, 2660 EDA 2012, at 2-3 (Pa. Super., June 28, 2013) (unpublished memorandum), ***appeal denied***, 629 MAL 2013 (Pa., Dec. 17, 2013).[2]

The PCRA court docketed Appellant's petition on April 14, 2016. The PCRA court issued a Pa.R.Crim.P. 907 notice on April 22, 2016, and the court docketed Appellant's response on May 12, 2016. The court formally dismissed Appellant's petition on June 1, 2016. Appellant timely appealed.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super.) (*en banc*) (citation omitted), ***appeal denied***, 839 A.2d 352 (Pa., Dec. 01, 2003).

On appeal, Appellant contends the PCRA court erred by dismissing his fifth petition as untimely. He contends, just as he did in his fourth petition, that he was under the age of eighteen when he murdered the victim. We hold Appellant is due no relief.

As our Supreme Court has explained:

---

[2] The medical examiner autopsied the victim's body on April 5, 1971, and testified that death occurred between two to four weeks prior to April 5, 1971, based on the rate of decomposition. Ex. F to Appellant's Brief (referencing N.T. Trial, 381, 386).

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b).

- 3 -

As noted, Appellant bases his petition on the U.S. Supreme Court's decision in *Miller v. Alabama*. On January 25, 2016, the United States Supreme Court held in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), that *Miller* applies retroactively to cases on collateral review: "*Miller* announced a substantive rule of constitutional law. Like other substantive rules, *Miller* is retroactive[.]" *Montgomery*, 136 S. Ct. at 734.[3] Shortly thereafter, this Court held in *Commonwealth v. Secreti*, 134 A.3d 77 (Pa. Super. 2016), that *Montgomery* rendered *Miller* retroactive "effective as of the date of the *Miller* decision," and permitted a PCRA petition raising an issue under *Miller* to be filed within 60 days of the January 25, 2016 holding in *Montgomery* that *Miller* applies retroactively. *Secreti*, 134 A.3d at 82. However, Appellant's April 14, 2016 PCRA petition was not filed within sixty days of January 25, 2016 (instead, the elapsed time was 80 days). Accordingly, the petition was untimely, and the PCRA court lacked jurisdiction to hear it. *See* 42 Pa.C.S. § 9545(b)(1); *Copenhefer*, 941 A.2d at 648.

In addition, even if the petition met the 60-day deadline, it still would be untimely. The only exception to the time-bar in Section 9545(b) that could be applicable here is Section 9545(b)(iii), relating to assertion of a newly-recognized constitutional right — namely, the right of a juvenile under

---

[3] The decision was revised on January 27, 2016. The revision is not relevant here.

*Miller* not to be sentenced to life without parole. Appellant does not qualify for application of that right because he was not a juvenile when he committed the murder; rather, he was eighteen-years old. *See Miller*, 132 S. Ct. at 2460 (holding only that mandatory life without parole sentences for individuals **under eighteen** at the time of their crimes are unconstitutional); *Commonwealth v. Furgess*, 2016 WL 5416640, *3 (Pa. Super., Sept. 28, 2016) (non-juvenile petitioners "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)").

Appellant has alleged that his actual birthdate is June 28, 1953, which would make him seventeen-years old when he committed the murder. But Appellant is precluded from making that argument because it was definitely rejected in proceedings on Appellant's fourth PCRA petition in 2012. As the PCRA court explained:

> In 2012, in his fourth PCRA petition, defendant also claimed that he was only seventeen years old on the date of the murder. However, a review of the record revealed that defendant was actually eighteen years old on the date of the crime. For that reason, we denied his PCRA on September 4, 2012. The Superior Court affirmed that order on June 28, 2013, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 17, 2013. Instantly, neither defendant's date of birth, January 21, 1953, nor the date of the murder, which occurred after defendant's eighteen birthday, has changed. Thus *Miller* and *Montgomery* do not apply to his case and his untimely fifth PCRA petition is properly dismissed.

PCRA Ct. Order, June 1, 2016, at 1 n.1. A PCRA petitioner may not re-raise a claim that was previously litigated in a prior PCRA petition. ***Commonwealth v. Lambert***, 884 A.2d 848, 858 (Pa. 2005); ***see also*** 42 Pa.C.S. § 9544 (stating, "an issue has been previously litigated if . . . it has been raised and decided" in a prior PCRA proceeding). Accordingly, we affirm the PCRA court's order dismissing Appellant's petition. ***See Wilson***, 824 A.2d at 833.

Order affirmed.

Judge Ott joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016