J-S84011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JONES, | |
| Appellant | No. 1234 EDA 2016 |

Appeal from the PCRA Order of April 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0205431-2002

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 19, 2017**

Appellant, James Jones, appeals *pro se* from the order entered on April 4, 2016, dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  Following a non-jury trial on July 26, 2002,  Appellant was convicted of robbery, burglary, theft, receiving stolen property, criminal mischief, criminal trespass, simple assault, and recklessly endangering another person ("REAP") for the January 10, 2002 burglary of Joel Beamon's residence in Philadelphia. On December 17, 2002, the trial court determined that Appellant's robbery and burglary convictions required the imposition of mandatory minimum sentences for recidivists pursuant to 42 Pa.C.S.A. § 9714(a)(2) (sentences for second and subsequent offenses).  Thus, the

_____

* Former Justice specially assigned to the Superior Court.

trial court imposed two concurrent terms of twenty-five to fifty years' imprisonment for robbery and burglary. No further penalties were imposed on the remaining convictions. We affirmed Appellant's judgment of sentence. *See Commonwealth v. Jones*, 844 A.2d 1282 (Pa. Super. 2003) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Jones*, 853 A.2d 360 (Pa. 2004).

Appellant subsequently filed a timely PCRA petition that the PCRA court denied. On appeal, this Court vacated Appellant's sentence as illegal under *Commonwealth v. McClintic*, 909 A.2d 1241 (Pa. 2006). Specifically, we held that because Appellant's burglary and robbery convictions arose out of the same criminal transaction, a sentence enhancement was proper for one, but not both, crimes of violence. At a new sentencing hearing in October 2007, the trial court resentenced Appellant to a mandatory term of imprisonment for the robbery conviction only, and imposed a concurrent sentence of nine to eighteen years of incarceration for burglary. We affirmed Appellant's judgment of sentence. *See Commonwealth v. Jones*, 974 A.2d 1184 (Pa. Super. 2009) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Jones*, 980 A.2d 606 (Pa. 2009).

Since then, Appellant has filed *pro se* PCRA petitions that the PCRA court denied as untimely, not subject to exception, and this Court has subsequently affirmed. *See Commonwealth v. Jones*, 24 A.3d 444 (Pa. Super. 2010); *see also Commonwealth v. Jones*, 81 A.3d 1001 (Pa.

Super. 2013). Currently, Appellant filed a *pro se* PCRA petition on July 8, 2014. However, Appellant still had a prior PCRA petition that he was litigating on appeal. Appellant ultimately discontinued that prior appeal on July 24, 2014, so that he could litigate his July 8, 2014 PCRA petition. Furthermore, on September 11, 2014 and October 23, 2014, Appellant filed *pro se* amendments to his petitions. On March 17, 2015, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the July 8, 2014 PCRA petition, as amended, without an evidentiary hearing because it was untimely and not subject to exception. By order entered on April 4, 2016, the PCRA court denied Appellant relief. This timely *pro se* appeal resulted. On appeal, Appellant claims the PCRA court erred by dismissing his twice amended PCRA petition as untimely without first reviewing the merits of his claims. **See** Appellant's Brief at 5.

We previously determined:

> It is well-established that the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions

must be filed within 60 days of the date the claim first could have been presented.

***Commonwealth v. Walters***, 135 A.3d 589, 591–592 (Pa. Super. 2016) (most citations omitted).

In this case, Appellant's judgment of sentence became final on September 27, 2004, when the time to seek *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13(a). As Appellant filed his PCRA petition on July 8, 2014, almost ten years after his sentence became final, his petition is facially untimely.

To meet the PCRA's jurisdictional timeliness requirement, Appellant claims a newly recognized constitutional right under Section 9545(b)(1)(iii). In particular, Appellant cites ***Commonwealth v. Walker***, 92 A.3d 766 (Pa. 2014) in which our Supreme Court examined whether expert testimony regarding eyewitness testimony was admissible under Pennsylvania's rules of evidence. Appellant filed his PCRA petition within 60 days of the ***Walker*** decision.[1] However, in considering whether Appellant has advanced a valid

---

[1] ***Walker*** was decided on May 28, 2014. Appellant filed his PCRA petition on July 8, 2014, within 60 days of the decision. We note that the PCRA court should not have accepted the filing because a prior PCRA petition was still pending. "[A] PCRA trial court cannot entertain a new PCRA petition when a prior petition is still under review on appeal." ***Commonwealth v. Porter***, 35 A.3d 4, 14 (Pa. 2012), *citing* ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000). However, Appellant discontinued his prior PCRA appeal on July 24, 2014. He filed his next PCRA petition on September 11, 2014, within 60 days of the discontinuance of the prior PCRA appeal. The PCRA provides that any exception set forth in subsection (b)(1)(ii) must be pled
*(Footnote Continued Next Page)*

- 4 -

claim asserting a newly-recognized constitutional right, as that phrase is used in Section 9545(b)(1)(iii), our Supreme Court has noted:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively.
>
> Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Copenhefer,*** 941 A.2d 646, 649-50 (Pa. 2007).

***Walker*** did not recognize a new constitutional right within the meaning of Section 9545(b)(1)(iii). In ***Walker***, our Supreme Court granted allocatur to determine "whether a trial court may, in its discretion, permit expert testimony in the area of eyewitness identification, and [to] reconsider

_____
*(Footnote Continued)*

within 60 days of when it "could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In this instance, even if we overlook Appellant's July 8, 2014 PCRA petition because it was filed during the pendency of a prior petition, we conclude that Appellant's September 11, 2014 petition (which included a ***Walker***-based timeliness claim) was filed within 60 days of the date it first could have been presented, *i.e.*, following Appellant's discontinuance of his prior appeal. Regardless, as discussed at length below, ***Walker*** does not provide Appellant relief.

[Pennsylvania's] decisional law which absolutely bans such expert testimony." **Walker**, 92 A.3d 766, 769 (Pa. 2014). The **Walker** majority "reject[ed] reliance upon cross-examination and closing arguments as sufficient to convey to the jury the possible factors impacting eyewitness identification and as justification for an absolute bar of such expert testimony, and recognize[d] the potential advantages of expert testimony as a means to assist the jury where mistaken identity is a possibility." **Id.** at 786. Thus, our Supreme Court held that "in Pennsylvania, the admission of expert testimony regarding eyewitness identification is no longer *per se* impermissible, and [it] join[ed] the vast majority of jurisdictions which leave the admissibility of such expert testimony to the discretion of the trial court." **Id.** at 769. The **Walker** Court, however, declined to hold that the decision was to be applied retroactively. **Id.** at 793 n.12. Thus, the **Walker** decision created a new evidentiary rule, not a constitutional right, and it was not held to be retroactive.

In sum, Appellant's various amended PCRA petitions were patently untimely and he has not established an exception to the jurisdictional time bar. Hence, we agree with the PCRA court that it lacked jurisdiction to address Appellant's claims and discern no abuse of discretion or error of law. Accordingly, we affirm the PCRA court's determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/19/2017</u>