J-S18040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ARIE OREN | |
| Appellant | No. 3137 EDA 2016 |

Appeal from the PCRA Order September 13, 2016
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002955-2011

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED MARCH 30, 2017**

Appellant, Arie Oren, appeals *pro se* from the order dismissing his second petition for relief under the Post Conviction Relief Act[1] ("PCRA") as untimely. Appellant claims that his prior counsels' ineffectiveness constituted interference by government officials or previously unknown facts. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(ii). We affirm.

The procedural history of this case is as follows. On September 13, 2012, a jury found Appellant guilty of four counts of aggravated indecent assault[2] and five counts of indecent assault without consent.[3] J. David

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3125(a)(1).

[3] 18 Pa.C.S. § 3126(a)(1).

Farrell Esq. ("trial counsel") represented Appellant at trial, but withdrew from representation on November 7, 2012. Timothy Woodward, Esq. ("post-trial counsel"), entered his appearance on behalf of Appellant on November 13, 2012. On February 14, 2013, the trial court sentenced Appellant to an aggregate four-and-one-half to nine years' imprisonment. Appellant did not file post-sentence motions and did not take a direct appeal.

On July 8, 2013, Daniel Silverman, Esq. ("prior PCRA counsel"), filed a first PCRA petition on Appellant's behalf. The PCRA court, following an evidentiary hearing, denied relief on July 1, 2014. This Court affirmed. ***Commonwealth v. Oren***, 1940 EDA 2014 (Pa. Super. July 30, 2015) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On July 25, 2016, Appellant filed the instant second PCRA petition *pro se*, raising six claims alleging trial error or the ineffective assistance of trial counsel. On August 15, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely. On August 25, 2016, Appellant filed a *pro se* response alleging that he exercised due diligence in discovering the alleged constitutional violations underlying his claims for relief. The court dismissed Appellant's second petition on September 13, 2016. This timely appeal followed.

In his *pro se* brief, Appellant raises numerous claims of error, in which he, in relevant part, asserts prior PCRA counsel's ineffectiveness for

addressing "some issues that [Appellant] brought up, but in the P.C.R.A. they were very limited in the arguments and key arguments were never raised." Appellant's Brief at 7. He suggests he declined to file a petition for allowance of appeal in the first PCRA proceeding based on prior PCRA counsel's representation that "the arguments he raised had a low probability of being granted." *Id.* He further argues his right to a direct appeal was obstructed by government officials, namely, post-trial counsel's ineffectiveness. *Id.* at 8-9. He continues that he is entitled to consideration of the merits of his claims because he sets forth a credible claim of actual innocence and "had no prior knowledge of any of the constitutional violations listed in his [PCRA petition]." *Id.* at 10-11. After reiterating his substantive claims for relief, Appellant concludes that he is entitled to file a PCRA petition, or in the alternative, to a new trial or release from custody. *Id.* at 12-21. No relief is due.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See, e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 ([Pa.] 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional

in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 ([Pa.] 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (some citations and parallel citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

As discussed by the Pennsylvania Supreme Court,

> [i]n [**Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000)] and subsequent cases, we addressed situations when PCRA counsel had allegedly ineffectively narrowed the class of claims raised by not including all of the viable claims in the first petition. In such instances, we concluded that by allowing the claim to go forward "the timeliness requirements crafted by the legislature would thus effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel." Thus, we firmly rejected any such attempts "to circumvent the one-year time limitation" via claims of PCRA counsel ineffectiveness.

**Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (some citations omitted). Similarly, the PCRA directs that "defense counsel, whether appointed or retained[,]" are not "government officials" for the purpose of the governmental interference exception under Section 9545(b)(1)(i). 42 Pa.C.S. § 9545(b)(4).

Instantly, there is no dispute that Appellant's second PCRA petition, which was mailed bearing a postage date of September 22, 2016, was not filed by March 18, 2014, when the one-year period for filing a facially timely PCRA petition expired. **See** 42 Pa.C.S. § 9545(b)(1), (3); Pa.R.A.P. 903(c)(3). Having reviewed the record, we agree with the PCRA court's determination that Appellant failed to plead a time-bar exception in either his *pro se* petition or response to the court's Rule 907 notice. Appellant's reliance on prior counsels' ineffectiveness fails to state a time-bar exception

under Section 9545(b)(1)(i) or (b)(1)(ii). *See* 42 Pa.C.S. § 9545(b)(4); ***Bennett***, 930 A.2d at 1272. Lastly, although Appellant asserts he was dissuaded from filing a petition of allowance of appeal from this Court's affirmance of the order denying his first PCRA petition, his assertions establish that prior PCRA counsel did not abandon him. ***See Bennett***, 930 A.2d at 1273; Appellant's Brief at 7 (indicating prior PCRA counsel informed Appellant that there was a low probability that the Pennsylvania Supreme Court would grant relief and Appellant agreed not to file a petition for allowance of appeal). Thus, we affirm the PCRA court's order dismissing Appellant's second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2017