J-S18045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PERRY POOLE | |
| Appellant | No. 1913 EDA 2016 |

Appeal from the PCRA Order May 18, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0327791-1990

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 01, 2017**

Appellant, Perry Poole, appeals from the order dismissing his third Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant claims he is entitled to relief pursuant to the United States Supreme Court's decisions in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), and **Miller v. Alabama**, 132 S. Ct. 2455 (2012), even though he was over eighteen years old at the time of the offense. We affirm.

The PCRA court has summarized the factual and procedural history underlying this appeal, which we adopt for the purposes of this appeal. **See** PCRA Ct. Op., 8/31/16, at 1-4. Of relevance to this appeal, we note that Appellant was over eighteen when he committed the offenses of first-degree

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

murder, robbery, conspiracy, and possession of an instrument of crime on December 9, 1989.[2]  Following a jury trial, Appellant was found guilty and sentenced to a term of life imprisonment.  This Court affirmed the judgment of sentence on July 1, 1993, and the Pennsylvania Supreme Court denied allowance of appeal on October 27, 1993.  Appellant filed his first two PCRA petitions on November 2, 1999, and June 28, 2006, respectively, and both petitions were denied.

Appellant, acting *pro se*, filed the instant third PCRA petition on July 13, 2010, seeking relief from the sentence of life imprisonment based on ***Graham v. Florida***, 560 U.S. 48 (2010).  Appellant filed *pro se* a supplemental memorandum of law on July 25, 2012, discussing the United States Supreme Court's decision in ***Miller***, as well as several amended petitions.  On June 18, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition.  Appellant responded *pro se*.  On February 16, 2016, Appellant filed a *pro se* supplemental petition citing the January 25, 2016 decision of the United States Supreme Court in ***Montgomery***.

On May 18, 2016, the PCRA court dismissed Appellant's petition and supplemental petitions as untimely.  Appellant timely appealed.  The court did not order the submission of a Pa.R.A.P. 1925(b) statement.

Appellant presents the following questions for our review:

---

[2] Appellant's date of birth is listed as January 13, 1971.

> 1. Whether the PCRA Court err[ed] in denying [Appellant's] PCRA [petition] without an hearing?
>
> 2. Whether Appellant is entitled to have his unconstitutional life sentence vacated in light of Art. 5, § (q)(ii), under Pennsylvania's Constitution and *Montgomery* . . . ?

Appellant's Brief at 4. Appellant contends that his mandatory life sentence constitutes cruel and unusual punishment. He further argues that *Miller* and *Montgomery* afford him relief from the PCRA time-bar because those decisions created a new constitutional right. *Id.* at 6. He claims that the principles set forth in *Miller* and *Montgomery* should apply to him even though he was not under eighteen when he committed the offenses. *Id.* at 8-10. No relief is due.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, there is no dispute that Appellant's July 13, 2010 petition was untimely on its face. Nevertheless, Appellant filed his supplemental petition within sixty days of ***Montgomery***, which held that ***Miller*** announced a retroactive rule of constitutional law. ***Montgomery***, 136 S. Ct. at 724. However, Appellant was more than eighteen years old at the time he committed the offenses. Therefore, the right recognized by ***Miller*** and held to be retroactive in ***Montgomery*** does not provide Appellant a basis for

relief from the PCRA time bar. *See **Miller***, 132 S. Ct. at 2460 (holding mandatory life without parole sentences for individuals **under eighteen** at the time of their crimes are unconstitutional); ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (noting "petitioners who were older than 18 at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"). Thus, no relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2017