J-S59038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RASHEEN NIFAS | |
| Appellant | No. 3395 EDA 2016 |

Appeal from the PCRA Order October 5, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1004371-1991

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED OCTOBER 25, 2017**

Appellant, Rasheen Nifas, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas denying his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant argues the PCRA's newly discovered facts and governmental interference exceptions excuse the untimeliness of his petition. We affirm.

On February 18, 1993, a jury convicted Appellant of first-degree murder[2] and related offenses. The trial court subsequently sentenced Appellant on October 4, 1994, to life imprisonment, with concurrent terms of incarceration for the remaining convictions. Appellant timely appealed, and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

this Court affirmed his judgment of sentence on March 29, 1996. Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant timely filed his first PCRA petition *pro se* on November 18, 1996. The PCRA court appointed counsel, who subsequently filed a "no-merit" letter and petition to withdraw. On September 24, 1999, the PCRA court ultimately issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond, and the PCRA court dismissed his petition on October 26, 1999. Appellant appealed to this Court; however, his appeal was dismissed on August 10, 2000, for failure to file a brief. Appellant filed a petition for reconsideration, which this Court denied.

Appellant filed his current PCRA petition *pro se* on May 20, 2015. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and denied the petition as untimely on October 5, 2016. Appellant timely appealed on October 21, 2016.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question

> implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). Pursuant to 42 Pa.C.S. § 9545(b)(3), "[a] judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time seeking such review." ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

When a petition is filed outside the one-year time limit, the petitioner must plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirements. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." (citation omitted)). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, Appellant's judgment of sentence became final on April 28, 1996, thirty days after this Court affirmed his judgment of sentence. Therefore, his current petition, which was filed more than nineteen years later on May 20, 2015, is facially untimely. Although Appellant alleges an affidavit from his co-defendant indicating Appellant was not present during the crime satisfies the newly discovered facts exception, Appellant has not proven that these facts were unknown to him at the time of his trial or that they could not have been discovered through due diligence. *See id.* § 9545(b)(1)(ii). In fact, the co-defendant's affidavit states he told Appellant's trial counsel of this exculpatory information in 1992, prior to Appellant's trial. Furthermore, Appellant asserts the governmental interference exception applies because the Commonwealth withheld exculpatory information that was discovered during his co-defendant's trial. Nevertheless, Appellant again failed to prove he exercised due diligence in obtaining the alleged exculpatory information when his co-defendant was

tried before Appellant and Appellant could have requested a copy of the transcripts from his co-defendant's trial prior to his own trial. ***See id.*** § 9545(b)(1)(i). Therefore, Appellant has failed to prove any of the statutory exceptions to the PCRA's timeliness requirement. ***See id.*** § 9545(b)(1)(i)-(iii). Accordingly, the PCRA court lacked jurisdiction to consider the merits of Appellant's claims, and we affirm the dismissal of Appellant's untimely PCRA petition. ***See Johnston***, 42 A.3d at 1126.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017