J-A28042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CARLOS VALENTINE | : | |
| Appellant | : | No. 1002 EDA 2017 |

Appeal from the Order March 7, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s): CP-46-CR-0003521-2011

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED NOVEMBER 28, 2017**

Appellant, Carlos Valentine, appeals from the Order entered in the Montgomery County Court of Common Pleas dismissing as untimely his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] After careful review, we conclude that Appellant's *pro se* Petition was untimely and affirm.

_____

[1] Appellant's *pro se* Notice of Appeal erroneously states he is appealing from an Order dated January 22, 2017. This Court issued a Rule to Show Cause as to why the appeal should not be quashed as it appears to be from a non-existent order. Appellant responded *pro se* without explicitly addressing that question. It is apparent from his response, however, that Appellant was, in fact, appealing from the PCRA Court's March 7, 2017 Order and that his Notice of Appeal filed March 21, 2017, was timely. Accordingly, we decline to quash the appeal and we have amended the caption.

Following a non-jury trial, the court convicted Appellant of Aggravated Assault, Recklessly Endangering Another Person, Disorderly Conduct and two counts each of Simple Assault and Harassment.[2]  On August 15, 2012, the court sentenced him to a term of three-and-a-half to ten years' imprisonment.  Appellant did not file a direct appeal. His Judgment of Sentence, thus, became final on September 14, 2012.[3]

On May 20, 2014, Appellant filed his first PCRA Petition *pro se* and counsel was appointed.  On September 10, 2014, the PCRA court dismissed the Petition as untimely, and on April 8, 2015, this Court affirmed. *Commonwealth v. Valentine*, 2874 EDA 2014 (Pa. Super. 2015) (unpublished memorandum).

On February 7, 2017, Appellant filed a *pro se* Writ of Habeas Corpus contending his sentence was illegal. The PCRA court properly treated the filing as a second PCRA petition[4] and, after filing a Pa.R.Crim.P. 907 Notice, dismissed it as untimely.

_____

[2]  18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 2705; 18 Pa.C.S. § 5503(a)(1); 18 Pa.C.S. § 2701(a)(1); and 18 Pa.C.S. § 2709(a)(1), respectively.

[3]  *See* 42 Pa.C.S. § 9545(b)(3) (providing that a Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review."

[4]  *See* 42 Pa.C.S. § 9542; *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (holding "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas*
*(Footnote Continued Next Page)*

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

(a) Whether the court abused its discretion to convert Appellant's petition for writ of habeas corpus ad subjiciendum into a petition for post-conviction collateral relief, when the plain language of 42 Pa.C.S.A. § 9545 prohibited such an action by anyone?

(b) Whether the court abused its discretion to convert Appellant's petition for writ of habeas corpus ad subjiciendum into a petition for post-conviction collateral relief knowing that relief would be barred specifically by the PCRA's time limitations which relief pursuant to state habeas corpus would have been available?

(c) Whether the court erred in dismissing the issue questioning the court's jurisdiction over the subject matter; pertaining to a void judgment of sentence order, when such a claim is nonwaivable and can be pursued at any time?

(d) Can a claim of subject matter jurisdiction or void judgment be time barred?

Appellant's Brief at 6.

Before addressing the merits of Appellant's issues, we must determine whether we have jurisdiction to entertain the underlying PCRA petition. "The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not

_(Footnote Continued)_ ────────────

_corpus_ petition. . . . [A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of _habeas corpus_.") (footnote omitted).

timely filed." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648-49 (Pa. 2007). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). ***See*** 42 Pa.C.S. § 9545(b)(1)(i-iii) (setting forth timeliness exceptions).

Here, Appellant's Judgment of Sentence became final on September 14, 2012. The instant PCRA petition is, thus, facially untimely. Appellant did not plead or prove any timeliness exception. Therefore, we lack jurisdiction to consider the merits of his Petition. ***See Copenhefer***, 941 A.2d at 648-49. Accordingly, we affirm the Order of the PCRA court dismissing his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017

- 4 -