J-A27040-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

v.                                 :
                                          :
                                          :

LAWRENCE CHARLES GRAY,        :
                                          :

           Appellant               :          No. 834 WDA 2017

Appeal from the PCRA Order May 10, 2017
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0005630-2004

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           FILED JANUARY 26, 2018

Lawrence Charles Gray ("Gray"), pro se, appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On September 23, 2004, Gray pled guilty to one count each of possession of a controlled substance, possession with intent to deliver a controlled substance and fleeing and eluding a police officer.[2] Gray additionally pled guilty to other summary traffic offenses. That same day, the trial court sentenced Gray to a prison term of five to ten years. Gray did not file a direct appeal of his judgment of sentence.

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

[2] See 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 3733.

In 2005, Gray filed his first Petition for relief pursuant to the PCRA, which the PCRA court ultimately dismissed on October 17, 2005. Gray filed no appeal from the PCRA court's Order.

On November 3, 2016, Gray, pro se, filed an Application for the assignment of counsel. Considering the Application as a new Petition for PCRA relief, the PCRA court appointed counsel, who subsequently filed a Motion to withdraw from representation and a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). On April 13, 2017, the trial court issued Notice of its intention to dismiss Gray's PCRA Petition without a hearing. The PCRA court also took under advisement the Motion to withdraw from representation filed by Gray's counsel. On May 10, 2017, after appropriate Notice, the PCRA court granted counsel's Motion to withdraw, and dismissed Gray's Petition without a hearing. Thereafter, Gray filed the instant timely appeal, followed by a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Gray presents four claims for our review. However, before addressing these claims, we first must determine whether this Court has jurisdiction over Gray's appeal.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

Commonwealth v. Montalvo, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9543(b)(3). "The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." Commonwealth v. Copenhefer, 941 A.2d 646, 648-49 (Pa. 2007). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999).

Here, Gray's judgment of sentence became final on October 27, 2004, 30 days following the imposition of sentence, when the time for filing a direct appeal expired. See Pa.R.A.P. 903. Under the PCRA's timeliness requirement, Gray was required to file any PCRA petition by Thursday,

October 25, 2005. Thus, the instant Petition, filed in 2016, is facially untimely.

In his appellate brief, Gray asserts the newly discovered facts exception to the timeliness requirement. Brief for Appellant at 4, 7. According to Gray, the "failure to raise the claim previously was due to the interference by the Parole Board's most recent re-commitment of [Gray] as a convicted parole violator[.]" Id. at 4; see also id. at 7. However, as Gray's counsel stated in his no-merit letter,

> [Gray] cannot show how the information regarding time credit was unavailable within 60 days of either his release from Gateway Braddock, February 23, 2011[,] or Penn Pavilion on August 28, 2013. [Gray] has not shown how information regarding time credit has been unavailable or been made available within 60 days of the Petition, dated November 3, 2016.

No-Merit Letter, 4/7/17, at 10. Upon review, we agree with counsel's assessment. We therefore affirm the PCRA court's dismissal of Gray's Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2018

- 4 -